IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00664 |
| | § | |
| DONAVAN MILLER, | § | |
| | § | |
| Defendant. | § | |

**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
DONAVAN MILLER AND BRIEF IN SUPPORT THEREOF**

PHH Mortgage Corporation ("PHH" and "Plaintiff") files this, its *Motion for Default Judgment against Defendant and Brief in Support thereof*, and respectfully shows as follows:

**I.   BACKGROUND**

1. Plaintiff is PHH. Defendant is Donavan Miller ("Defendant").

2. Plaintiff filed its Original Complaint ("Complaint") against Defendant on March 22, 2022. (ECF Document No. 1.)

3. Defendant Donavan Miller was served via personal service on March 29, 2022, by personally delivering a copy of the summons and Plaintiff's Original Complaint to Patricia J. Miller, his mother, an individual of suitable age who resides at Defendant's residence at 121 Jenny Kay Lane Irving, Texas 75060. [ECF Docket No. 5].  His answer or other response to the Original Complaint was due on April 19, 2022. FED. R. CIV. P. 12(a)(1)(A)(i)

4. Defendant has not answered or otherwise appeared in this action.

5. The court clerk may enter default against a party who has not filed a responsive pleading or otherwise defended a suit. FED. R. CIV. P. 55(A); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

6. Plaintiff has requested that the Clerk of this Court enter default against Defendant because he did not file a responsive pleading within 21 days after service of the Original Complaint. See FED. R. CIV. P. 12(a)(1)(A)(i). Defendant has not otherwise attempted to defend himself against the Original Complaint. See FED. R. CIV. P. 55.

7. Defendant is not on active-duty military status. *See* Exhibit A-1.

8. Plaintiff is entitled to an entry of default as to Defendant because he did not answer or otherwise defend the Original Complaint.

9. Plaintiff now asks the Court to render default judgment against Defendant.

## II.   LEGAL STANDARD

10. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.   ARGUMENT AND AUTHORITIES

11. The Court should render a default judgment against Defendant because he did not file a responsive pleading or otherwise defend the claims against him. Such default constitutes an admission by Defendant on all allegations in the Original Complaint. The facts asserted in the

Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendant has admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

12. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

13. Plaintiff does not seek monetary damages against Defendant, but instead seeks declaratory judgment that Plaintiff as the owner and holder of the Note, and beneficiary of the Security Instrument, it has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 121 Jenny Kay Lane, Irving, Texas 75060, and more particularly described as:

> LOT 5, BLOCK A, OF SOUTH SENTER HILLS, AN ADDITION TO THE CITY OF IRVING, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF IN VOLUME 34, PAGE 119, OF THE MAP RECORDS OF DALLAS COUNTY, TEXAS.
> (the "Property").

Therefore, no hearing is necessary to establish of Plaintiff's damages.

14. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S. Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

15. The Complaint alleges that on or about March 23, 2006, Patricia Ann Miller ("Decedent") executed a Promissory Note ("Note"), in the principal amount of $90,578.00, and originally payable to Alethes, LLC ("Alethes") as lender on a loan secured by the Property. [*See* ECF Docket No. 1 at ¶ 14].

16. Concurrently with the execution of the Note, Decedent ("Borrower") executed a Deed of Trust, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Alethes, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Dallas County, Texas, as Document No. 200600173752. [*See* ECF Docket No. 1 at ¶ 15].

17. Borrower passed away. Upon information and belief, no probate was ever opened for her. In accordance with the Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon her death, subject to the Loan Agreement debt owed to Plaintiff. Upon information and belief, Decedent was single at the time of her death. Defendant Donavan Miller is the only son and descendant of Decedent. Accordingly, pursuant to Section 201.001 (b) of the Texas Estates Code, Defendant Donavan Miller is considered the only heir of Decedent. [*See* ECF Docket No. 1 at ¶ 20].

18.     Defendant failed to abide by the terms of the Loan Agreement and make required payments under the same. [*See* ECF Docket No. 1 at ¶ 23]. A notice of default and intent to accelerate was provided in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. (*Id.*) As a result, the maturity of the debt was accelerated on March 22, 2022, by the filing of the instant lawsuit. [*See* ECF Docket No. 1 at ¶ 24]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's foreclosure claim.

19.     Plaintiff requested reasonable and necessary attorney's fees against Defendant based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Borrower. Plaintiff is entitled to attorney's fees under Chapter 37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorney's fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees to be determined by subsequent motion practice. Plaintiff requests that the award of attorney's fees be made not as a money judgment against Defendant, but as a further obligation owed by Borrower under the subject Note and Deed of Trust.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a default judgment against Defendant Donavan Miller on all claims asserted against them in Plaintiff's Original Complaint, and award Plaintiff with a declaratory judgment as follows:

a.  Judgment declaring that Plaintiff is the owner and holder of the Note;

b.  Judgment against Defendant that there is default under the obligations on the Loan Agreement;

c.  Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b)

prejudgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

d. Judgment against Defendant declaring that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure and that through the foreclosure sale the Defendant is divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

e. Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ Vivian N. Lopez*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: 214-635-2650
Facsimile: 214-635-2686

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 21, 2022, a copy of the above and foregoing document was served on the following Defendant in the manner described below:

**Via CMRRR#9314 7699 0430 0094 5819 70**
**and U.S. Mail:**
Donavan Miller
121 Jenny Kay Lane
Irving, Texas 75060

*/s/ Vivian N. Lopez*
**VIVIAN N. LOPEZ**